UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH NATHANIEL MARTINEZ,

        Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No. 2:14-cv-1095-KJN

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1]  In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from January 1, 2007, plaintiff's alleged disability onset date, through the date of the final administrative decision. (ECF No. 14.)  The Commissioner filed an opposition and a cross-motion for summary judgment. (ECF No. 17.)  Thereafter, plaintiff filed a reply brief.  (ECF No. 18.)

////

---

[1] This action was initially referred to the undersigned pursuant to E.D. Cal. Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 7, 11.)

For the reasons that follow, the court grants plaintiff's motion for summary judgment in part, denies the Commissioner's cross-motion for summary judgment, and remands the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

I.     BACKGROUND

Plaintiff was born on August 27, 1987, has an eleventh grade education, but no GED, and previously worked as a cook, cashier, and janitor.[2]  (Administrative Transcript ("AT") 43, 141, 207.)  On April 16, 2010, plaintiff applied for DIB and SSI, alleging in both applications that he was unable to work as of January 1, 2007.  (AT 21, 141-51.)  On September 13, 2010, the Commissioner determined that plaintiff was not disabled.  (AT 21, 78-79.)  Upon plaintiff's request for reconsideration, the determination was affirmed on February 18, 2011.  (AT 21, 80-81.)  Thereafter, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on April 10, 2012, and at which plaintiff appeared and testified without representation.  (AT 21, 40-77.)  Plaintiff's mother also appeared and testified.  (Id.)  A Vocational Expert ("VE") was present at the hearing, but did not testify.  (Id.)

In a decision dated September 28, 2012, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from January 1, 2007, plaintiff's alleged disability onset date, through the date of the ALJ's decision.  (AT 21-32.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 5, 2014.  (AT 1-7.)  Thereafter, plaintiff filed this action in federal district court on May 1, 2014, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

II.     ISSUES PRESENTED

Plaintiff raises the following issues:  (1) whether the ALJ's residual functional capacity determination ("RFC") erroneously failed to encompass all of plaintiff's physical and mental limitations supported by the record; (2) whether the ALJ erred by failing to obtain the testimony of a VE or utilize the Medical-Vocational Guidelines set forth in 20 C.F.R. pt. 404, subpt. P, app.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

2 (the "Grids") in determining at step five that there were jobs that existed in significant numbers that plaintiff could still perform given his functional limitations; (3) whether the ALJ improperly found plaintiff's testimony regarding the extent of his limitations to be less than fully credible; and (4) whether the ALJ improperly discounted the testimony of plaintiff's mother.

III.    LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.    DISCUSSION

A.    Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3]  At the first step, the ALJ concluded that plaintiff had

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step

3

1  not engaged in substantial gainful activity since January 1, 2007, plaintiff's alleged disability

2  onset date.  (AT 23.)  At step two, the ALJ determined that plaintiff had the following severe

3  impairments:  "borderline personality disorder, anxiety, depression, cannabis use, right knee pain,

4  diabetes and asthma."  (Id. (citations omitted).)  However, at step three, the ALJ determined that

5  plaintiff did not have an impairment or combination of impairments that meet or medically equal

6  an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Id.)

7       Before proceeding to Step Four, the ALJ assessed plaintiff's residual functional capacity

8  ("RFC") for the relevant time period as follows:

9
10
11
12

> After careful consideration of the entire record, the undersigned
> finds that the claimant has the residual functional capacity to
> perform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b) except he can occasionally climb ramps/stairs, stoop,
> balance, crouch, crawl and kneel but no climbing ladders, ropes and
> stairs.  He is limited to simple, repetitive tasks.

13   (AT 25.)

14       At step four, the ALJ found that plaintiff was unable to perform any past relevant work.

15  (AT 32.)  Finally, at step five, the ALJ determined that there were other jobs that plaintiff was

16  capable of performing, specifically, lens-block gauger, table worker, and addresser.  (AT 32.)

17  ////

---

18
19  three.  If not, then a finding of not disabled is appropriate.

20  Step three: Does the claimant's impairment or combination of impairments meet or
    equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the
21  claimant is automatically determined disabled.  If not, proceed to step four.

22  Step four:  Is the claimant capable of performing his past relevant work?  If so, the
    claimant is not disabled.  If not, proceed to step five.

23
24  Step five:  Does the claimant have the residual functional capacity to perform any
    other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

25  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

26
    The claimant bears the burden of proof in the first four steps of the sequential evaluation
27  process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
    evaluation process proceeds to step five.  Id.

28

1    Accordingly, the ALJ concluded that plaintiff had not been under a disability as defined in

2    the Act from January 1, 2007, through the date of the ALJ's decision.  (Id.)

3        B.    Plaintiff's Substantive Challenges to the Commissioner's Determinations

4            1.    *The ALJ Erred in Determining the Extent of Plaintiff's Mental Limitations*

5    First, plaintiff argues that the ALJ erred in finding that plaintiff's sole mental limitation

6    was that he could perform only "simple, repetitive tasks" because the ALJ's mental RFC

7    determination did not reflect the ALJ's determination at step 3 that the medical evidence

8    demonstrated that plaintiff was moderately impaired in his ability to maintain "concentration,

9    persistence or pace," engage "[i]n activities of daily living," and in "social functioning," and that

10   plaintiff "experienced at least two episodes of decompensation" of an extended duration.  (AT

11   24.)  Plaintiff contends that such findings require that the ALJ provide a more detailed assessment

12   of plaintiff's mental limitations when determining plaintiff's RFC under Social Security Ruling

13   96-8p, which states that:  "The mental RFC assessment used at steps 4 and 5 of the sequential

14   evaluation process requires a more detailed assessment by itemizing various functions contained

15   in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00

16   of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]."

17   AT 24.  The court finds plaintiff's argument persuasive.

18   At step 3 of the analysis, the ALJ considered plaintiff's mental impairments under the

19   categories found in paragraph B of Listing 12.08 (Personality Disorders).  In doing so, he

20   determined that the evidence in the record demonstrated that plaintiff had "moderate difficulties"

21   in carrying out his daily living activities, [w]ith regard to concentration, persistence or pace," and

22   "[i]n social functioning."  (AT 24.)  He further determined that plaintiff had "experienced at least

23   two episodes of decompensation" of an extended duration.  (Id.)  Despite these findings, the ALJ

24   concluded in his RFC determination that plaintiff's sole mental limitation was that he was capable

25   of performing only "simple, repetitive tasks."  (AT 25.)

26   ////

27   ////

28   ////

1       In Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), the Ninth Circuit Court of

2   Appeals held that "an ALJ's assessment of a claimant adequately captures restrictions related to

3   concentration, persistence, or pace where the assessment is consistent with restrictions identified

4   in the medical testimony." Id. at 1174.  In that case, the medical evidence substantially supported

5   the ALJ's determination that the claimant did not have any difficulties or limitations with

6   concentration, persistence, or pace.  In the present case, in contrast, the ALJ himself recognized

7   that the medical evidence in the record demonstrated that plaintiff had "moderate difficulties"

8   with regard to concentration, persistence, or pace.  (AT 24.)  Accordingly, this case is more

9   analogous to the Ninth Circuit Court of Appeals' opinion in Brink v. Comm'r Soc. Sec. Admin.,

10  343 F. App'x 211, 212 (9th Cir. 2009), cited by plaintiff, which distinguished Stubbs-Danielson

11  and found that its holding did not apply to facts similar to those presented in the present action.

12  Although Brink is an unpublished decision and thus only of persuasive value,[4] it is instructive in

13  regards to how it distinguished Stubbs-Danielson.  In Brink, as in this case, the ALJ accepted

14  medical evidence that the plaintiff had difficulty with concentration, persistence, or pace, but

15  made the RFC determination that "referenced only 'simple, repetitive work.'" Brink, 343 Fed.

16  App'x at 212.  In finding error and rejecting the Commissioner's argument premised on Stubbs-

17  Danielson, the Court of Appeals reasoned:

18          In Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), we
    held that an "assessment of a claimant adequately captures
19  restrictions related to concentration, persistence, or pace where the
    assessment is consistent with the restrictions identified in the
20  medical testimony." Id. at 1174. The medical testimony in Stubbs-
    Danielson, however, did not establish any limitations in
21  concentration, persistence, or pace. Here, in contrast, the medical
    evidence establishes, as the ALJ accepted, that Brink does have
22  difficulties with concentration, persistence, or pace. Stubbs–
    Danielson, therefore, is inapposite.
23

24  Id.

25

---

26  [4] Ninth Circuit Rule 36-3(b) provides:  "Unpublished dispositions and orders of this Court issued
    on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP
27  32.1."  However, Ninth Circuit Rule 36-3(a) provides:  "Unpublished dispositions and orders of
    this Court are not precedent, except when relevant under the doctrine of law of the case or rules of
28  claim preclusion or issue preclusion."

1    The undersigned finds that the reasoning of Brink is persuasive and supports a conclusion

2    that Stubbs-Danielson does not control this case.[5]  Here, as in Brink, the evidence in the record

3    supported the ALJ's determination that plaintiff had some difficulties in concentration,

4    persistence, or pace, (see AT 24 (citing AT 184-87, 917-20), and the ALJ himself determined that

5    plaintiff had "moderate difficulties," but determined that plaintiff's only mental limitation was to

6    "simple, repetitive tasks."  Under the reasoning in Brink, such a determination was in error.

7    Moreover, the ALJ's error in this instance is more significant than the one the Court of Appeals

8    found reversible in Brink because the ALJ here also determined that plaintiff had "moderate

9    difficulties" with social functioning and daily living activities, and had suffered at least two

10   episodes of decompensation of extended duration, but failed to ascribe to plaintiff any limitations

11   stemming from those difficulties.

12   The Commissioner argues that there still existed substantial evidence to support the ALJ's

13   RFC determination that plaintiff's only mental restriction was to "simple, repetitive tasks."

14   Specifically, the Commissioner contends that because the ALJ properly gave "great weight" to

15   Dr. Maguire, an examining psychiatrist who generally opined that plaintiff's mental impairments

16   had little impact on plaintiff's functional capacity (AT 919-20), over the other medical opinions

17   in the record that indicated that plaintiff's impairments were more limiting (e.g., AT 921-35),

18   substantial evidence supported the ALJ's determination.  However, this argument is misplaced

19   because the ALJ himself determined that the evidence in the record, including Dr. Maguire's

20   opinion, supported his step three findings that plaintiff had "moderate difficulties" in all three

21   areas of mental functioning and had experienced at least two episodes of decompensation of

22   extended duration.  (AT 24.)  Indeed, the ALJ primarily relied on Dr. McGuire's findings and

23   opinion in arriving at his step 3 findings regarding the impact of plaintiff's mental impairments.

24   (Id.)

_____

25   [5] The court notes that it has found Brink persuasive in a previous case presenting facts similar to
26   the present action.  See Feltis v. Astrue, 2012 WL 2684994 (E.D. Cal. July 6, 2012)
     (unpublished).  Furthermore, other courts within this Circuit have found Brink persuasive and
27   applied the reasoning of Brink in the manner similar to how the court applies it here.  See, e.g.,
     Smith v. Astrue, 2011 WL 3962107, at *8-9 (C.D. Cal. Sept. 8, 2011) (unpublished); Betancourt
28   v. Astrue, 2010 WL 4916604, at *3-4 (C.D. Cal. Nov. 27, 2010) (unpublished).

The RFC determination is materially incomplete in light of the evidence in the record and the ALJ's own findings.  Accordingly, the undersigned concludes that the ALJ erred in formulating the RFC.  Furthermore, such error was not harmless because the ALJ subsequently used this erroneous RFC determination to find plaintiff not disabled at step five.[6]  See Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001) (holding that an ALJ may rely on a VE's testimony to satisfy his or her burden at step 5, but that the VE's opinion must be based on hypotheticals reflecting all of plaintiff's functional limitations); 20 C.F.R. § 416.945(b) ("A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work.").

   B.   *The ALJ Committed Further Error at Step Five by Not Relying on the Grids or Vocational Expert Testimony in Determining Plaintiff was Not Disabled*

   Next, plaintiff contends that the ALJ committed further error at step five because he did not utilize either the Grids or the testimony of a VE in determining that plaintiff could still perform the jobs of lens-block gauger, table worker, and addresser.  Instead of utilizing either the Grids or a VE, the ALJ here utilized a "Medical/Vocational Decision Guide" used by State agency physicians at a prior level of the administrative process to determine that plaintiff could perform other work.  (AT 32 (citing 82-84).)  Plaintiff claims that this was insufficient evidence for the ALJ to satisfy his burden of proof at step five.  Plaintiff's argument is well taken.

   "Where, as here, a claimant carries his burden of establishing he is unable to perform his past relevant work, the ALJ bears the burden of establishing the claimant can adjust to other work."  Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir. 2006) (citing Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999)).  "The ALJ can satisfy this burden by taking the testimony of a

---

[6] Plaintiff also argues that the ALJ committed further prejudicial error in evaluating plaintiff's RFC because he failed to properly evaluate the impact of plaintiff's obesity.  However, this argument is without merit because plaintiff has failed to point to any record evidence that his obesity imposes greater physical limitations than those found by the ALJ.  Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).

vocational expert or by using the Medical-Vocational Guidelines."   Id.   Here, instead of resorting to either of these two sources, the ALJ relied on a document that had been used at an earlier point in the administrative process that was based on reviewing physicians' opinions that did not mirror the physical and mental limitations included in the ALJ's RFC decision.  This reliance did not constitute substantial evidence in support of the ALJ's step 5 determination.  Therefore, the ALJ failed to meet his burden of establishing that plaintiff could perform other work despite his impairments.  Accordingly, the ALJ's step five determination was erroneous for the additional reason that defendant did not utilize either the Grids or a VE's testimony in support of his conclusion that plaintiff was not disabled.

The Commissioner admits that the ALJ's use of the Decision Guide at step 5 was error, but argues that the error was harmless.  The Commissioner contends that because the jobs the ALJ identified "appear consistent with the Plaintiff's [RFC] assessment" and plaintiff's mental limitations were not so severe so as to require VE testimony, "the applicable Medical-Vocational Rules provide a framework for a finding of not disabled" regardless of the fact that the ALJ used an improper rubric to arrive at that decision.  In other words, the Commissioner argues that the ALJ would have reached the same conclusion that plaintiff was not disabled had he properly consulted the Grids at step 5.  However, even if this were so, the Commissioner's argument lacks merit because the ALJ also erred in determining plaintiff's RFC for the reasons discussed above, therefore meaning that the ALJ's step 5 analysis was based on an erroneous assessment of plaintiff's functional limitations.  Had the ALJ properly determined plaintiff's mental limitations, sole use of the Grids at step 5 may have been improper, thus requiring the ALJ to obtain a VE's testimony, which the ALJ did not do in this case.  See Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007) ("[T]he grids are inapplicable when a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations.").

////

////

////

3.      *Remand of this Case for Further Proceedings is Warranted in Light of the ALJ's Errors*

Plaintiff argues that the ALJ's prejudicial errors warrant remand for the award of benefits. The court disagrees and finds that the ALJ's errors instead warrant remand for further proceedings.

When the court finds that the ALJ committed prejudicial error, it has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 003, 1020 (9th Cir. 2014).  Nevertheless, even when the "credit-as-true" criteria have been met, the court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir.2014) ("[W]e generally remand for an award of benefits only in rare circumstances, . . . where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." (citations and quotation marks omitted)).

Here, the ALJ's erroneous determinations and the record as it exists at this juncture demonstrate that further administrative proceedings would serve a useful purpose.  Even if the medical evidence the ALJ improperly interpreted were credited as true, there still would exist uncertainty as to whether that evidence demonstrates that plaintiff is disabled within the meaning of the Act.  For instance, Dr. Maguire found that plaintiff's mental impairments imposed few, if any, limitations (AT 919-20), while other physicians opined that those impairments caused moderate-to-marked limitations with regard to work-related activities (e.g., AT 933-34).  It is the

1    ALJ's role to resolve conflicts in the medical testimony and any ambiguities in the record.

2    Edlund, 253 F.3d at 1156.  Accordingly, remand is appropriate so the ALJ can properly resolve

3    such conflicts and ambiguities in this case and make an RFC determination that takes into account

4    all of plaintiff's mental limitations reasonably supported by that evidence and the ALJ's own

5    findings based on that evidence.  Furthermore, because the ALJ did not utilize an appropriate

6    source of evidence to support his determination that plaintiff was not disabled at step 5, i.e., the

7    Grids and/or vocational expert testimony, and did not base his conclusion on an RFC that fully

8    reflected the extent of plaintiff's limitations, the court cannot definitively determine based on the

9    present record that plaintiff's impairments were disabling.

10        Accordingly, this matter must be remanded for further proceedings.  Upon remand, in

11   proceeding through the sequential evaluation, the ALJ shall determine with particularity

12   plaintiff's mental limitations and shall base that determination on an internally consistent

13   rationale that takes into account both the medical evidence and his own findings based on that

14   evidence.  Furthermore, at step five, the ALJ is directed to utilize the Grids and/or the testimony

15   of a vocational expert, as appropriate.

16                    4.    *Other Issues*

17        In light of the court's conclusion that the case must be remanded for further analysis of

18   plaintiff's RFC and a proper step 5 determination, the court declines to reach the remaining issues

19   presented by plaintiff.  Specifically, the court provides no opinion at this time regarding whether

20   the ALJ failed to properly consider the testimony of plaintiff and his mother when assessing

21   plaintiff's RFC.[7]  The ALJ is free to reevaluate his analysis with respect to any or all of these

22   additional issues.  On remand, the ALJ will have an opportunity to further consider these issues,

23   and address the medical evidence and non-medical testimony in context of the record as a whole.

24   ////

25   ////

26   _____

27   [7] Nevertheless, the court highlights the fact that the ALJ's decision provides no discussion as to
     how he weighed testimony given by plaintiff's mother, and the Commissioner admits in her
     briefing "that the ALJ did not set out germane reasons for rejecting Plaintiff's mother's

28   testimony."  (ECF No. 17 at 22.)

1   V.      <u>CONCLUSION</u>

2         For the foregoing reasons, IT IS HEREBY ORDERED that:

3         1.      Plaintiff's motion for summary judgment (ECF No. 14) is GRANTED IN PART.

4         2.      The Commissioner's cross-motion for summary judgment (ECF No. 17) is

5 DENIED.

6         3.      The action is remanded for further proceedings consistent with this order pursuant

7 to sentence four of 42 U.S.C. § 405(g).

8         4.      Judgment is entered for plaintiff.

9         IT IS SO ORDERED.

10 Dated:  September 24, 2015

11

12                          KENDALL J. NEWMAN<br>                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28