UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NATHANIEL MARTINEZ | No. 2:14-cv-1095-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Joseph Nathaniel Martinez commenced this social security action on May 1, 2014. (ECF No. 1.) On September 24, 2015, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. (ECF Nos. 19, 20.)

Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 21.) The Commissioner filed an opposition to the motion, and plaintiff filed a reply brief. (ECF Nos. 22, 23.) After carefully considering the parties' briefing, the court's record, and the applicable law, the court GRANTS plaintiff's motion for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[1]

---

[1] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on September 24, 2015. (ECF No. 19.) The judgment became a non-appealable "final judgment" 60 days later on November 23, 2015. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by December 23, 2015. Plaintiff's December 18, 2015 application is therefore timely.

1  The Commissioner also does not attempt to show that the government's position was
2  substantially justified. (ECF No. 22.) See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995)
3  (holding that claimant is entitled to attorneys' fees unless the government shows that its position
4  "with respect to the issue on which the court based its remand was 'substantially justified'").
5  Finally, the court finds that there are no other special circumstances that would make an award of
6  EAJA fees unjust. Therefore, the court finds that plaintiff is entitled to an award of fees pursuant
7  to the EAJA.

8  The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In
9  determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours
10  expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990);
11  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.
12  1998). In this case, plaintiff seeks $ 6,173.79 in attorney's fees for Mr. Koenig's work and
13  $3,611.14 for Ms. Jones' work on the prosecution of the action for a total award of $9,784.93.
14  (ECF No. 21.) Plaintiff does not seek any additional fees for the time his counsel spent drafting
15  and submitting his reply to the Commissioner's opposition to the present motion (ECF No. 23 at
16  4) despite being entitled to do so. See Jean, 496 U.S. 154.

17  The Commissioner has not challenged plaintiff's counsel's hourly rates of $190.06 for
18  2014 and $189.68 for 2015, which is equal to the hourly rate for EAJA fees published on the
19  Ninth Circuit's website for of $190.06 for 2014, and sixty cents under the published hourly rate of
20  $190.68 for 2015. See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77
21  (9th Cir. 2005); Ninth Circuit Rule 39-1.6.

22  However, the Commissioner objects to the reasonableness of the time plaintiff's counsel
23  spent on various tasks and activities. In particular, the Commissioner objects to eleven time
24  entries between November 13, 2014, and January 8, 2015, which state that Mr. Koenig worked
25  13.4 hours and Ms. Jones worked 19.0 hours on the plaintiff's opening brief for a total of 32.4
26  hours. (ECF Nos. 21 at 8,13; 22 at 3.) The Commissioner contends that 15 hours would have
27  been a more reasonable amount of time to complete the necessary work on that brief, and
28  provides no further reasons for its objection. (ECF No. 22.)

The Administrative Transcript in this case was over 1,200 pages with more than 1,000 pages of medical records, which is a somewhat larger record than usual for this type of case.  (See Administrative Transcript 204-1239.)  In addition, plaintiff's briefing provided specific page citations to that large and somewhat cumbersome record, made cogent legal arguments, and, as the undersigned noted in the remand order, correctly identified the relevant law and applied it in a manner that demonstrated that he was entitled to the relief he sought.  (ECF No. 19 at 6.)  Given the benefit of plaintiff's briefing to the court and the size of the record, and after having independently reviewed the entries challenged by the Commissioner, the court finds the amount of time plaintiff's counsel spent on the contested entries to be reasonable.  The Commissioner does not challenge the remaining entries claimed by plaintiff's counsel,[2] and after review, the court finds the remaining entries to be reasonable as well.

Finally, in light of the fact that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the court concludes that the requested amount of fees is consistent with the result obtained.  Therefore, the court awards plaintiff his EAJA attorneys' fees in the requested amount of $9,784.93.

Plaintiff's motion papers do not include an executed assignment of EAJA fees to plaintiff's counsel, nor do they suggest that such an assignment may have been executed.  However, if the government ultimately determines that plaintiff does not owe a federal debt that qualifies for offset, and if plaintiff's counsel provides the government with sufficient evidence of an executed assignment of EAJA fees to plaintiff's counsel, payment may be made in the name of plaintiff's counsel.  Otherwise, the $9,784.93 in EAJA fees and expenses are awarded to plaintiff and not to plaintiff's counsel.  See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010).

---

[2] The Commissioner states that 34.1 hours would be a reasonable amount of hours for the entire case.  (ECF No. 21 at 8.)  It appears that the Commissioner's 34.1 figure was derived by taking the total of 51.5 hours claimed by plaintiff's counsel and subtracting the 17.4 hours the Commissioner alleges were improperly spent researching and writing plaintiff's opening brief.  (ECF Nos. 21 at 6; 22 at 3.)  The Commissioner does not seem to contest the amounts of time plaintiff's counsel claims was spent with regard to the other entries for which plaintiff seeks attorneys' fees.  Therefore, the court construes the Commissioner's silence on these remaining entries as a concession that the hours attributed to them were reasonable.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 21) is GRANTED.
2. Plaintiff is awarded attorneys' fees in the total amount of $9,784.93 pursuant to the EAJA, with payment to be made according to the terms outlined in this order.
3. This order resolves ECF No. 21.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: February 5, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE